IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WANDA D. SHERMAN and
RANDALL L. SHERMAN,

        Plaintiffs,                        No. CIV S-11-0054 KJM EFB

    vs.

WELLS FARGO BANK, N.A.,
a Corporation; CAL-WESTERN
RECONVEYANCE CORPORATION,         ORDER
a Corporation; and DOES 1
THROUGH 100,

        Defendants.
_____/

        This case was on calendar on April 27, 2011 for argument on defendant Wells

Fargo Bank's motions to dismiss and to strike.  Jeremy Shulman of Anglin, Flewelling,

Rasmussen, Campbell, Trytten LLP appeared telephonically for defendant Wells Fargo Bank.

Plaintiffs did not appear.

I.  Background

        Plaintiffs filed a complaint in Nevada County Superior Court, alleging that in

2006 defendants purchased a single family home at 11620 Red Dog Road in Nevada City from

Wachovia Bank; that the deed was later purchased by defendant Wells Fargo Bank; that

plaintiffs pursued a loan modification with Wells Fargo through the Home Affordable

1   Modification Program (HAMP); that over the course of several months, defendant gave plaintiffs

2   conflicting information about the approval of their modification request; that in February 2010,

3   when plaintiffs called about the modification request, defendant informed them a trustee's sale

4   had been scheduled for that day; that plaintiffs knew nothing about the sale before that time; that

5   plaintiffs contacted defendant Cal-Western and learned that the sale had been postponed until

6   April 2010; that shortly after that, Wells Fargo employee Chelsea informed plaintiffs their loan

7   modification had been approved; that plaintiffs had a series of conflicting phone calls about their

8   modification with defendants' representatives; that after April 30, 2010, Wells Fargo has refused

9   to negotiate with plaintiffs or to offer any solution to foreclosure; and that plaintiffs filed for

10   bankruptcy and the trustee's sale was postponed until October 25, 2010.  Compl. (ECF No. 1) at

11   9-14.[1]  Plaintiffs allege causes of action for breach of contract, breach of the implied covenant of

12   good faith and fair dealing and fraudulent misrepresentation, and include claims for injunctive

13   and declaratory relief, labeled as separate causes of action.

14          Defendant Wells Fargo removed the case to this court on January 5, 2011,

15   invoking this court's diversity jurisdiction.  *See* ECF No. 1 at 2-3.  Cal-Western Reconveyance

16   joined in the removal.  ECF No. 2.  On January 26, 2011, Wells Fargo filed the motions currently

17   pending before the court.  Plaintiff has opposed the motion to dismiss, but has not addressed the

18   motion to strike.

19   II.  Removal

20          A case originally filed in state court may be removed to federal court if the

21   underlying complaint raises federal questions or if the parties are citizens of different states and

22   the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1332, 1441, 1446.  A court must

23   remand a removed case "[i]f at any time before final judgment it appears that the district court

24   lacks subject matter jurisdiction. . . ."  28 U.S.C. § 1447(c); *United Investors Life Ins. Co. v.*

---

[1]  Page references are to those assigned by the court's CM/ECF system unless otherwise noted.

1   *Waddell & Reed*, 360 F.3d 960, 967 (9th Cir. 2004) (court must consider its jurisdiction sua

2   sponte).  Because there is a strong presumption against removal jurisdiction, the defendant bears

3   the burden of establishing that removal was proper; all ambiguity is resolved in favor of remand

4   to the state court.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Hafiz v.*

5   *Greenpoint Mortgage Funding Inc.*, 652 F.Supp.2d 1050, 1052 (N.D. Cal. 2009), *aff'd*, 2010 WL

6   4146538 (9th Cir. 2010).

7           Plaintiffs allege that both Wells Fargo and Cal-Western Conveyance are

8   California corporations.  Compl. at 9-10.  In its notice of removal, Wells Fargo included

9   documentation showing that it is a citizen of South Dakota.  ECF No. 1 at 51-56.  It

10  acknowledges that defendant Cal-Western Reconveyance Corporation is a California citizen, but

11  urges that the presence of Cal-Western does not defeat diversity because it was fraudulently

12  named and so may be ignored for diversity purposes.  ECF No. 1 at 3-5.[2]

13          "Fraudulent joinder," a term of art, means that "'plaintiff fails to state a cause of

14  action against a resident defendant, and the failure is obvious according to the settled rules of the

15  state.'"  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe*

16  *v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).  A defendant who alleges

17  fraudulent joinder must show that the plaintiff has no potentially valid claims against a non-

18  diverse defendant, whether in the complaint as currently constituted or in a potential complaint,

19  amended to cure any deficiency in an inadequately pleaded claim.  *See Wise v. Suntrust*

20  *Mortgage, Inc.*, 2011 WL 1466153, at *3 (N.D. Cal. 2011) (marshalling authorities); *Sun v. Bank*

21  *of America Corporation*, 2010 WL 454720, at *3 (C.D. Cal. 2010) (same).

22  /////

23  ——————————————

24      [2] After the hearing on defendant Wells Fargo's motion, defendant Cal-Western
    Reconveyance filed a Declaration of Non-Monetary Status, Cal. Civil Code § 2924*l*.  Had the
    declaration been filed in the Superior Court, with sufficient time for plaintiffs to have objected
25  before the action was removed, it would have allowed this court to ignore Cal-Western's
    citizenship for diversity purposes when considering the propriety of removal.  *Lawrence v.*
26  *Aurora Loan Services, Inc.*, 2010 WL 449734, at *4 (E.D. Cal. 2010).

1          Wells Fargo correctly notes that Cal-Western is the current trustee of the deed of

2   trust, with limited authority under California law.  In California, the trustee's duties are limited

3   to those imposed by statute and by the contract, namely to foreclose upon default and to

4   reconvey the deed of trust upon satisfaction of the secured debt; the trustee does not act as a

5   fiduciary, but rather as common agent for the trustor and beneficiary of the deed of trust.

6   *Swanson v. EMC Mortgage Corporation*, 2009 WL 4884245, at *3-4 (E.D. Cal. 2009).  The

7   underlying complaint does not allege that Cal Western violated any statutory or contractual

8   duties it owed to plaintiffs.  The only breach of contract claim in the complaint is based on the

9   theory that the plaintiffs were third party beneficiaries of a contract between Wells Fargo and the

10  United States Treasury, which required Wells Fargo to modify qualifying loans under HAMP.

11  *See generally Williams v. Geithner*, 2009 WL 3757380, at *1-3 (D. Minn. 2009) (discussing

12  HAMP, which grew out of the Emergency Economic Stabilization Act, 12 U.S.C. § 5201, *et

13  seq.*).  The second cause of action, a claimed breach of the implied covenant of good faith and

14  fair dealing, necessarily relies on the existence of a specific contractual obligation, for it is based

15  on a defendant's conscious refusal to discharge contractual obligations, thus depriving a party of

16  the benefits of the agreement.  *Dooms v. Federal Home Loan Mortgage*, 2011 WL 1232989, at

17  *9 (E.D. Cal. 2011).  The third and fourth claims are for injunctive and declaratory relief, which

18  are not causes of action but rather must be based on other, viable causes of action.  *Id*. at *23.

19  Finally, the fifth claim is for fraudulent misrepresentation, which requires a showing that a

20  defendant knowingly made a false representation with the intent to defraud, which induced

21  justifiable reliance.  The only factual allegation against Cal-Western, however, is that plaintiffs

22  called Cal Western and learned that the trustee's sale had been postponed.  Compl. at 12 ¶ 18.

23          In light of a trustee's limited contractual duties under state law and the trustee's

24  limited involvement as alleged in the complaint, the court finds that Cal-Western was

25  fraudulently joined for diversity purposes.

26  /////

4

III.  <u>The Motion To Dismiss</u>

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action.'" *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.  Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001).  A court's

1    consideration of documents attached to a complaint or incorporated by reference or as a matter of

2    judicial notice will not convert a motion to dismiss into a motion for summary judgment.

3    *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); *Parks School of Business v.*

4    *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. CNN*, 284 F.3d 977, 980

5    (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss,

6    generally court is limited to face of the complaint on 12(b)(6) motion).

7           Wells Fargo argues that plaintiffs do not have standing or that they are estopped

8    from bringing this action because they did not list it as an asset when they filed for bankruptcy.

9    It asks the court to take judicial notice of plaintiffs' petition and the docket from bankruptcy

10   court showing the discharge, among other documents, an appropriate request.  Request for

11   Judicial Notice (ECF No. 8), Exs. H & I; *see United States v. Howard*, 381 F.3d 873, 876 n.1

12   (9th Cir. 2004).  The bankruptcy petition, filed May 10, 2010, lists the Red Dog Road property in

13   Schedule A and notes that plaintiffs, the debtors, intended to retain the property and reaffirm the

14   debt.  ECF No. 8-4 (Ex. H) at 7, 20.  Plaintiffs do not include any claims against Wells Fargo on

15   their list of assets.  Id., ECF Nos. 8-4, 8-5 (entirety of Ex. H).

16          Plaintiffs counter they did not know about the instant claims at the time they filed

17   their bankruptcy because they were attempting a modification of their mortgage at that time, and

18   so have standing to pursue this action; they distinguish *Hamilton v. State Farm Fire & Casualty*,

19   270 F.3d 778 (9th Cir. 2001), a case cited by defendant, which discusses judicial estoppel rather

20   than standing.  Opp'n at 2.

21          The filing of a bankruptcy petition creates an estate, which includes "'all legal

22   and equitable interests of the debtor in property at the commencement of the case,'" including

23   any causes of action.  *Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001) (quoting 11 U.S.C.

24   § 541(a)).  The estate includes any causes of action that arise in the period between the filing of

25   the petition and the final discharge.  *Vertkin v. Wells Fargo Home Mortgage*, 2011 U.S. Dist.

26   LEXIS 4909, at *6 (N.D. Cal. 2011).  Because the bankruptcy trustee has the exclusive right to

sue on behalf of the estate, the debtors lose the capacity to sue in their own name unless the trustee abandons the claim.  *Estate of Spirtos v. One San Bernardino County Superior Court Case*, 443 F.3d 1172, 1175 (9th Cir. 2006); *Lane v. Vitek Real Estate Industries*, 713 F.Supp.2d 1092, 1097 (E.D. Cal. 2010); 11 U.S.C. § 323.  Although a trustee may abandon "worthless or low-value assets, including legal claims," there is no abandonment without an affirmative act. *Biesek v. Soo Line Railroad Company*, 440 F.3d 410, 413 (7th Cir. 2006); *Anokhin v. BAC Home Loan Servicing, LP*, 2010 WL 3294367, at *2 (E.D. Cal. 2010).  Assets that are neither abandoned nor administered remain the property of the estate even after the case is closed.  *In re Lopez*, 283 B.R. 22, 28 (9th Cir. B.A.P. 2002).

Plaintiffs suggest that their causes of action did not arise before they filed bankruptcy, because they were engaged in negotiations concerning the modification at the time they filed.  It is true that "a debtor has no duty to schedule a cause of action that did not accrue prior to bankruptcy."  *Cusano*, 264 F.3d at 947.  In this context, state law controls when a cause of action accrues.  *Id.*  Generally, a claim or cause of action "accrues at the time when the cause of action is complete with all of its elements." *Pineda v. Bank of Am., N.A.*, 50 Cal.4th 1389, 1397 (2010); *Diamond State Ins. Co. v. Deardorff*, 2011 WL 1459018, at *7 (E.D. Cal. 2011).  A breach of contract claim occurs at the time of the breach, as does a claim for a breach of the implied covenant of fair dealing, which flows from the contract.  R*omano v. Rockwell Internat., Inc.*, 14 Cal.4th 479, 488 (1996); *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 690 (1988); a fraudulent misrepresentation claim accrues when the plaintiffs discovered or should have discovered the facts constituting the fraud.  *See Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 807 (2005).

Plaintiffs allege they pursued a mortgage modification with defendant from May 2009 through April 30, 2010, but after that "WELLS FARGO has refused to negotiate with Plaintiffs, to offer an explanation of their actions, or to explore any solutions to foreclosure. Plaintiffs were forced to seek bankruptcy protection and the Trustee's Sale was postponed until

1    October 25, 2010." Compl. at 14 ¶¶ 27-28.  According to the complaint, plaintiffs' claims

2    accrued when Wells Fargo refused to negotiate with them further, by April 30, 2010, and before

3    they filed the bankruptcy petition in May 2010.  Accordingly, plaintiffs do not have standing to

4    bring this suit.

5    IV.  The Order To Show Cause

6              On February 28, 2011, this court ordered plaintiffs' counsel to show cause why he

7    should not be sanctioned for failing timely to oppose the motion to dismiss, originally filed on

8    January 26, 2011.  Before the court issued its order, defendant Wells Fargo filed an amended

9    notice, changing the hearing date from March 2 until April 6.  In response to the order to show

10   cause, plaintiffs' counsel averred he believed the date for filing his opposition had changed

11   based on defendant's renoticing the hearing.  ECF No. 12.  At the hearing, defendant's counsel

12   noted that his co-counsel had had a conversation with plaintiff's counsel, indicating counsel's

13   belief that the due date would be reset automatically upon the changing of the hearing date.

14             Under Local Rule 230(c), a party's opposition or statement of non-opposition is

15   due fourteen days before the hearing date.  Wells Fargo initially noticed its motion for March 2;

16   based on that date, plaintiff's opposition was due by February 16, it was already late when

17   defendant sought to renotice the hearing for a later date.  Nevertheless, the court notes that the

18   case was removed here by defendant Wells Fargo, meaning that plaintiff's counsel was not

19   operating in the forum of his choice.  He also apparently relied on plaintiff's counsel to move the

20   hearing date and believed that this reset the time for filing his opposition.  Under these

21   circumstances, the court will discharge the order to show cause.

22   /////

23   /////

24   /////

25   /////

26   /////

1    IT IS THEREFORE ORDERED that:

2        1.  Defendant's motion to dismiss (ECF No. 6) is granted;

3        2.  Defendant's motion to strike (ECF No. 7) is denied as moot; and

4        3.  The Order To Show Cause issued February 28, 2011 (ECF No. 11) is hereby

5  discharged.

6  DATED:  May 12, 2011.

7

8                                        _____

9                                        UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   2/sher0054.mtd